IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| LEE HINES, | : | |
| | : | |
| Plaintiff | : | |
| | : | |
| v. | : | CASE NO.: 7:20-cv-00240 |
| | : | |
| ORHIANNA COTTON, | : | |
| | : | |
| Defendant. | : | |
| _____ | : | |

## ORDER

On July 27, 2022, the Court entered an Order (Doc. 31) adopting the Recommendation of United States Magistrate Judge Thomas Q. Langstaff (Doc. 29) ("R&R") granting Defendant Cotton's Motion for Summary Judgment (Doc. 18) ("Cotton MSJ"). The R&R was filed June 23, 2022, and the Clerk's docket entry reflects that the R&R was served on that same date. The Parties were notified that they could serve and file written objections to the R&R, or seek an extension of time to file objections, within fourteen (14) days after being served with a copy of the R&R. (R&R at 13). Neither Party filed a timely objection,[1] and on July 12, 2022, the R&R was submitted to the Court for review.

On August 5, 2022, the Court received and docketed a letter from Plaintiff (Doc. 33) ("Motion") which the Court construes as a timely motion for reconsideration under Fed. R.

---

[1] With the three extra days allowed for mailing, Plaintiff's objection to the R&R was due Monday, July 11, 2022. On July 25, 2022, an untitled document was received on behalf of Plaintiff (Doc. 30) and docketed as an Objection to the R&R. The date June 15, 2022, appears at the top of page one of the Objection (which is prior to the date the R&R was filed); however, the Objection was not mailed to the Court until July 19, 2022 (after the R&R objection deadline). "Under the 'prison mailbox rule, a *pro se* prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing. Absent evidence to the contrary, we assume that [the prisoner's filing] was delivered to prison authorities the day he signed it." *Daker v. Comm'r, Georgia Dep't of Corr.*, 820 F.3d 1278, 1286 (11th Cir. 2016) (alterations in original) (internal quotations omitted) (citations omitted). There is no date by Plaintiff's signature on the Objection; and, it is nonsensical to assume the Objection was delivered to prison authorities on June 15, 2022, prior to the time the R&R was even filed. The Objection was not mailed until July 19, 2022, which was well after the deadline of July 11, 2022.

Civ. P. 59.² Under the Local Rules of this Court, motions for reconsideration shall not be filed as a matter of routine practice. M.D. Ga. L.R. 7.6.

As the Eleventh Circuit noted in *Region 8 Forest Serv. Timber Purchasers Council v. Alcock*, 993 F.2d 800, 805-86 (11th Cir. 1993), relief granted from motions for reconsideration is within "the sound discretion of the district judge." It is the practice of this Court, in both civil and criminal cases, to grant a motion for reconsideration only when the movant timely demonstrates that either: (1) there has been an intervening change in the law; (2) new and previously unavailable evidence has been discovered through the exercise of due diligence; or (3) the court made a clear error of law. *United States v. Henderson*, No. 1:13-CR-17 (M.D. Ga. Sept. 6, 2013); *McCoy v. Macon Water Auth.*, 966 F. Supp. 1209, 1222-23 (M.D. Ga. 1997). "A motion for reconsideration is not an opportunity for the moving party and their counsel to instruct the court on how the court 'could have done it better' the first time." *Pres. Endangered Areas of Cobb's History, Inc. v. U.S. Army Corps of Eng'rs*, 916 F. Supp. 1557, 1560 (N.D. Ga. 1995), aff'd, 87 F.3d 1242 (11th Cir. 1996).

The Plaintiff's Motion is merely a restatement of the arguments he made in prior responses to Cotton's MSJ. Plaintiff has not shown a change in the law or that the Court made any clear error. Throughout his Motion he makes the same arguments that "the J. Dorm video of [the morning of the incident]" proves his case (Doc. 33). Plaintiff had his opportunity to present the video as evidence in support of his response to the Cotton MSJ and failed to do so. The Court therefore stands by its reasoning in the original Order.

Accordingly, the Court finds Plaintiff is not entitled to relief. His motion for reconsideration (Doc. 33) is **DENIED**.

**SO ORDERED**, this 25th day of August 2022.

/s/W. Louis Sands
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**

---

² The Local Rule on motions for reconsideration is clear: "[w]ith the exception of motions filed pursuant to Fed. R. Civ. P 59(e), motions for reconsideration shall be filed within fourteen (14) days after entry of the order." M.D. Ga. L.R. 7.6. Motions filed pursuant to Fed. R. Civ. P 59(e) must be filed "no later than 28 days after the entry of the judgment." Fed. R. Civ. P 59(e).

2